The action stood continued for advisement; and now the opin ion of the Court was delivered by
* Parsons, C. J.
This is an action of assumpsit, brought [*413] *362 by the plaintiff, a deputy sheriff, for his fees in serving two execu tians, issued at the suits of the defendant; and the cause comes before us on a case made by the parties.
It is agreed that the defendant, having sued out two executions, one against Stackpole, and the other against Doe, delivered them to the plaintiff to be executed; who, for want of goods, chattels, or lands, of the debtors, arrested their bodies, and committed them in execution, where they remained until discharged under the provisions of the poor debtor’s act.
It is said by the defendant that the plaintiff is not entitled to any fees; if he is, he cannot maintain an action against the defendant for them; and, if he can, he has demanded more or greater fees than by law he can claim.
Upon the first point, we are of opinion that the sheriff is entitled to his fees for poundage and travel in these cases; he took the bodies of the debtors as pledges for the payment of the executions; and he detained those pledges, at his own risk, against any escape.
On the second point, we are of opinion that he can maintain this action against the defendant for these fees. He could not demand payment before he performed the service ; and the service was performed for the defendant. Could the officer have found estate of the debtor, he ought to have levied his fees, and thus have indemnified the defendant; and, not finding estate, he took and held their bodies for the defendant’s use. As they were discharged by order of law, the officer may maintain an action for his fees, the authority to levy the fees being for the defendant’s benefit, and not to discharge him from satisfying the officer. — Vide Moor, 468.— Cro. Eliz. 654.—1 Salk. 209, 231. —1 Roll. 598, pi. 35.
On the construction of the English statutes, in actions on simple contracts and judgments for a debt certain, the plaintiff, and not the defendant, pays the expense of levying; but, if the judgment be foi a penalty, the plaintiff may levy his whole debt, independent of the charges of execution. In this state there is no distinction [ *414 ] of actions ; for, in all executions, *the expense of levying is a charge on the debtor in favor of the creditor.
As to the third point, the plaintiff must recover only the fees provided by law, the Court having no discretion to make him any allowance.

Judgment for the plaintiff.