ROCKINGHAM, FEBRUARY TERM, 1817.

## ZEBINA EASTMAN *versus* THE COOS BANK.

Depositions taken in the common form are admissible, though the opposite party be a corporation. All customary acts of the agents of a corporation are binding. The plaintiff in an action is liable to the sheriff for the service of the writ. The latter may recover for storage of property taken on mesne process, and interest may be taxed on money paid and expended for that purpose, but he cannot recover an extra charge for making the return on the writ.

THIS was an action of assumpsit. The declaration contained two counts, one for two hundred fifty three dollars seventy nine cents, money paid, laid out and expended : the other, on an account annexed, amounting to the same sum. The items in the account were for the service of two writs by the plaintiff, as a deputy sheriff, in favor of the defendant, storage of a large quantity of property attached, and for making a schedule of said property in the return on said writs. The cause was tried here at the last term on the general issue, when the plaintiff proved the service of the writs, and offered the deposition of one *Stimpson*, taken in common form, notice of the time and place of caption having been given to the president of the corporation, to shew the storage of the property and payment for it at the usual rate by the plaintiff. This deposition was objected to by the defendants, but admitted by the court. *J. H. Crane, Esq.*, who was called as a witness, testified, that the cashier of the *Coos* Bank deliver-

ed him for collection the notes on which said writs were made : that he had before that time frequently received for suit from said cashier, notes which belonged to said bank : that he had himself often acted as their agent : that he delivered to the plaintiff for service the writs above mentioned, with directions to charge the same to the defendants ; and after the attachment notified them of its having been made. He stated further, that he had since paid over to them a portion of the money collected on these notes, from a person who endorsed them.   A verdict was then taken for the plaintiff, by consent, for the whole amount of his demand and interest on the money expended, subject to be amended or set aside, according to the opinion of the court on the admissibility of said deposition, and on the competency of the other evidence to support all or any portion of the plaintiff's claim.

*Fales* and *Mason*, for the plaintiff.

*Farrar*, for the defendants.

WOODBURY, J., delivered the opinion of the court.

The objections to the verdict in this case resolve themselves into the four following :

1st. That the defendants, being a corporation, the deposition of *Stimpson*, not having been taken by agreement or under a dedimus, was inadmissible.

2d. That no competent evidence was introduced, to show that the defendants authorized *Crane* to employ the plaintiff.

3d. That the attorney alone in those suits was liable for the officer's fees.

4th. That the verdict embraces some inadmissible items of the account annexed, and interest improperly allowed.

The practice, which has prevailed in some counties of this state, would seem to justify the first objection.   But no adjudged case in relation to it has been adduced by the counsel, or is remembered by the court ; and on principle, we can see nothing in its support.   Our statute " for the taking affi-

" davits(1) provides that the notification of the hour and "place of taking the same" shall be delivered to the "adverse party, or left at his usual place of abode." From the words " party," and " his usual place of abode," it is contended, that the law is applicable to individuals alone, and not to corporations ; no member of the latter being designated, to whom the notice shall be given, and no place appointed, where it may be left. But the corporation itself is an adverse party, in all suits for the purpose of receiving and paying the cost established in the fee-bill ; and in some statutes, also, is embraced under the expression, " all persons." (1 *Woodeson* 195.) It is never organized without officers ; and a notice delivered to one of them, as, for example, to its president, or cashier, its selectman, clerk, or any one who may happen to act as the representative or agent of the corporation, would be a notice delivered to the adverse party. If the corporation have no particular place of doing business, then, like some individuals, it may be said to have no "usual place of abode," at which a notice can be left ; and the notice must, as in the case of individuals, be delivered to the person of some agent, or " left at his usual place of abode." This is in analogy to the service of writs, where a copy may be "left" at the "abode" of an officer of the corporation.(2) This construction is also fortified by a recurrence to the statute for taking affidavits, the first section of which extends its benefits " to the trial of all civil causes," making no exception, as would be the practical effect of the defendant's reasoning in causes where corporations are concerned. The reasons for taking affidavits, that is, the indisposition, distance, &c., of witnesses, exist as often where corporations, as where individuals, are parties. And in actions like the present, of an individual opposed to a corporation, where it is admitted the latter could have taken a deposition in the usual manner, it seems reasonable that the same privilege should be enjoyed by the former.

Eastman
*vs.*
Coos Bank.

(1) Statute of Feb. 9, 1791, 1 N. H. Laws 113.

(2) Statute of Feb. 8, 1791, § 19, 1 N. H. Laws 246.

The notification in this case, having been seasonably delivered to the president of the *Coos* bank, we think the spirit of the statute justifies the admission of the testimony ; and any attempt to evade its spirit by a notice delivered too late, or to an improper member of the corporation, or left at an inappropriate place, can be easily detected, and will, in all cases, insure the rejection of the deposition.

The second objection is predicated on the idea, that an express vote of the corporation, or directors of the bank, is necessary to authorize the cashier to deliver notes for collection, so as to bind the bank for costs incurred upon them. Formerly, a seal or solemn vote was required to the validity of almost every corporate act : and suits were seldom sustained against corporations, except on specialities, or statutory provisions. But the doctrine on these subjects has latterly become much less rigid. 12 *John.* 231, *Danforth* vs. *S. T. Company.*—7 *Cranch* 299, *Bank of Columbia* vs. *Patterson's Administrator.*—16 *East* 9.

The acts of their agents, within the usual authority of such agents, ought to be obligatory. In this case, the delivery of the notes for collection by the cashier was a customary act for such officers to perform ; and would seem to be strictly within the power commonly entrusted to them in banking institutions. (11 *Mass. Rep.* 96.) Indeed, this same cashier had before delivered other notes to the same attorney, for the same purposes : and in the progress of those very suits in which the plaintiff performed his services, the corporation itself was notified of their pendency, and received money paid to *Crane* on these same demands. It is difficult to reconcile all this with the supposition that the notes were left without authority. Indeed, all the circumstances fortify the natural presumption, that an action, commenced by a regular responsible attorney, is authorized by the plaintiff. (6 *John.* 34, 296.)

The third objection presents a question of some novelty ; because the convenience of parties and of sheriffs generally

induces the latter to charge their services to the attornies who employ them. But the plaintiff in an action is the principal, and his attorney but an agent. The principal receives the benefit of all the services performed in transacting his business ; and, in addition to this circumstance, his agent can bind him on any subject within the scope of his authority. Here the defendants alone were profited by the plaintiff's acts ; and the defendants alone were expressly made liable by *Crane*, when stipulating on the business entrusted to him. Cases may exist where the agent only is responsible ; but they are not those in which his authority is general, and the name of the person employing him is disclosed at the time of the transaction. In certain instances the agent or the principal are either of them liable, as the creditor may elect. But that election being once made, he must abide by it. (*5 John.* 252, 5.—*9 do.* 114.) That the plaintiff in an action may be originally charged by the sheriff for his services therein, is clearly to be inferred from the case of *Ousterhout* vs. *Day*, (*9 John.* 114,) and is expressly decided in *Lyon* vs. *McManus*, 4 *Binney* 170.

A number of decisions can be found, too, rendering him responsible for the poundage on executions. (4 *Mass. Rep.* 411.—2 *T. R.* 157.—*Popham* 173, *Waldon* vs. *Vesey.*—10 *John.* 93.) So, in express terms, was our provincial statute of the 29 Geo. 2, c. 123.(1) None of the apprehended evils need result from this construction. A multiplicity of suits can be obviated by payment, when the services are performed ; or by a special agreement between attornies and sheriffs, to consider the former alone as liable. A compensation made by the principal, or agent, will be a valid defence in a subsequent suit against either.

The fourth objection is well founded in relation to the charge for the schedule of the property attached.

The schedule is merely a portion of the officer's return ; which return should never constitute a distinct item of expense. The other charges appear to have been reasonable

(1) Prov. Laws 186. 1 N. H. Laws 622.

Eastman
*vs.*
Coos Bank.

(1) 1 N. H.
Laws 139.

in amount, and for indispensable labor. Such were allowable before our statute of June 23, 1813. (1)  9 *John*. 328.— 12 *do*. 298.—12 *Mass. Rep*. 168.

Interest on the money paid and expended is, under the circumstances, perfectly proper.  11 *Mass. Rep*. 504.

*Judgment on the verdict as rendered.*