## HILLSBOROUGH, APRIL TERM, 1817.

### JOHANNA LUND *versus* AUGUSTUS LUND.

A parol agreement between a grantor and grantee, at the time of the execution and delivery of a deed of bargain and sale of lands, that the grantee should at a subsequent time give to the grantor a bond to reconvey upon the payment of a sum of money, and a bond subsequently given in pursuance of such agreement, does not make the conveyance a mortgage.

THIS was a writ of dower, and was submitted to the decision of the court upon the following agreed statement of facts.

Augustus Lund, the demandant's late husband, by deed of bargain and sale bearing date October 23, 1812, conveyed the demanded premises to James Thornton in fee, and the demandant by the same deed released her right of dower in usual form. It was at the same time agreed that Thornton should at a subsequent time give Lund a bond, conditioned to re-convey to him upon the payment of eight hundred dollars and interest thereon from the 23d of October, 1812, at any time within three years from said 23d of October, 1812. On the 13th day of January, 1813, a bond of that date to that effect was given by Thornton to Lund. Augustus Lund, the husband of the demandant, died, and the defendant, administrator upon the estate, within three years from the 23d of October, 1812, paid to Thornton the said sum of eight hundred dollars and interest, and, as administrator, received from him a deed of the land. The plaintiff demanded of the defendant her dower in the premises before the commencement of the suit.

Lund
*vs.*
Lund.

BELL, J.* The decision of this question depends upon the operation of the deed of October 23, 1812, from Augustus Lund to James Thornton. If that deed conveyed an absolute estate in fee, the demandant by her release of her right of dower has precluded herself from a recovery of her dower in the premises; but if the deed of October 23, 1812, gave to Thornton an estate in mortgage only, the debt secured by the mortgage having been repaid by the administrator, who is the legal representative of Augustus Lund, the estate re-vested in those who would have been by law entitled to it if the deed of the 23d of October, 1812, had never been made, and consequently the demandant is entitled to dower. Had the bond from Thornton to Lund been executed at the same time with the deed of October 23, 1812, they must have been construed together as part of the same conveyance, and would have amounted to a mortgage. As a defeasance, constituting a conveyance of lands, a mortgage may be made as well by a separate deed as by a condition in the same deed which conveys the land. *Fowell* vs. *Forrest,* 2 *Saund.* 48.—*Erskine* vs. *Townsend,* 2 *Mass. Rep.* 493.

The bond given by Thornton to Lund, to re-convey upon the payment of eight hundred dollars and interest, was not made till nearly three months after the deed of October 23, 1812, and therefore cannot operate as a defeasance of that deed, which took effect by its delivery at the time of its date.

In a court of chancery, this deed would without doubt be considered as a mortgage. In chancery, when it appears by deed or any other instrument in writing, whether executed at or after the conveyance, that such conveyance was originally intended as a pledge to secure the payment of money, it is held to be a mortgage.

But the rules and principles of decision on this question in courts of equity and courts of common law are different.

*RICHARDSON, C. J., having been of counsel, did not sit in this cause.

This court possesses some chancery powers in questions of mortgage, but they are derived entirely from statute, and are of very limited extent.    The question, whether a conveyance is or is not a mortgage, must be decided by this court as a court of common law, before their chancery powers on this subject can be exercised ; this is evident from the words of the statute.(1)

(1) Statute of
Feb. 9, 1791,
§ 16.—1 N. H.
Laws 63.

We must therefore resort to the principles and rules of the common law, and not to those practised upon in courts of equity, to determine whether this is or is not a conveyance in mortgage.

At common law a mortgage is defined to be a deed conveying lands conditioned to be void upon the payment of a sum of money, or the doing of some other act.    This condition may be included in the deed of conveyance, or it may be by a separate deed, executed, or at least taking effect, at the same time, so as to be part of one and the same transaction.    It must be by deed, and cannot be by parole, or instrument in writing not under seal.    It must take effect at the time the deed of conveyance takes effect, and not at a subsequent time.    A deed, or even any instrument in writing, made at a subsequent time, may be a valid contract, but cannot operate as a defeasance ; cannot affect, or qualify the title vested by the prior conveyance.    Such subsequent contract would be altogether personal in its nature, and inoperative, otherwise than as the foundation of an action to recover damages for the breach of its provisions.    A conveyance must be a mortgage at the time of its inception ; it never can become such by any subsequent act of the parties.    It cannot be an absolute conveyance at one time, and a mortgage at a subsequent time.    Had *Thornton*, after the deed of October 23, 1812, refused to give a bond to re-convey, or had *Thornton* or *Augustus Lund* died before such bond was given, this court must have pronounced this an absolute conveyance ; and if there ever was a moment when it could be considered only as an absolute estate in fee, it must ever remain so.    *Co. Lit.* 236.—1 *Roll. Abr.* 414.—3 *Lev.* 234.—

Lund
vs.
Lund.

*Pow. Mort. 6.—Kelleran vs. Brown, 4 Mass. Rep. 443.—
Harrison vs. Trustees of Phillips' Academy, 12 Mass.
Rep. 456.*

Upon the facts stated, the court are of opinion that the
deed of October 23, 1812, conveyed an absolute estate in
fee to *Thornton*, and that the demandant, by her release of
her right of dower, by that deed, has precluded herself from
claiming dower in this estate.

*Judgment for the defendant.*