ALBANY,<br>October, 1823

Pixley<br>v.<br>Butts.

---

PIXLEY <em>against</em> BUTTS.

ON certiorari to a Justice's Court. Assumpsit in the Court below, by Butts against Pixley, for constable's fees. On the day of trial, one Jones offered to appear for Pixley, but was rejected, on the ground that he had no written authority. The plaintiff proved that he ·had an execution, issued by a Justice, in favor of the defendant, against one

A parol warrant of attorney, to appear in a justice's court is sufficient, and may be proved by the attorney himself.

A constable cannot recover his fees upon an execution, where he has levied upon property and returned that it remains on his hands for want of buyers.

To entitle him to his fees, he must levy the money, except where he is prevented by the act of the plaintiff, or by operation of law.

In the former case he may recover his fees, though he have levied only, and not sold.

He must levy and sell in due season.

If no bidders attend, he should postpone the sale, and give notice to the plaintiff, who should attend and bid himself.

And if he do not the constable will be excused in returning that the property remains on hand for want of buyers.

So he would be excused in making such a return, if he could not sell the property, but at a great sacrifice.

Yet after he has made such a return, he must proceed and sell, the first opportunity.

If he do not sell within thirty days, he loses his lien as against other executions.

The same rules of law, which govern sheriffs in the execution of process from the higher courts, govern constables in execution of a justice's process, except where some statute intervenes.

Van Elton: that he levied on a cow of Van Elton, and advertised her for sale. At the day of sale, he offered the cow for sale, but though a number of. persons attended, no one bid any thing. He, therefore, returned the execution to the Justice, stating that the cow was in his possession, unsold for want of bidders. The execution had nearly expired when the cow was put up for sale. Judgment for the plaintiff—damages $1 38.

*W. Platt,* for the plaintiff in error.

*E. Dana,* contra.

*Curia,* per SAVAGE, Ch. J. Two objections are urged against this judgment. 1. The Justice refused to permit Jones to appear for the defendant. 2. The plaintiff was not entitled to the fees claimed.

1. We have frequently decided that a parol authority to appear for a party in a Justice's Court is sufficient, and that the person offering to appear is a competent witness to prove his own authority. (*Tullock* v. *Cunningham,* 1 Cowen, 256.)

2. The second point, however, is the most important, and I am of opinion the Justice erred in awarding to the constable his fees on the execution before he had completed the service. In *Hildreth* v. *Ellice,* (1 Caines, 192,) the Sheriff had levied on property of the defendant sufficient to satisfy the execution, but before sale the parties settled, and the Court held the Sheriff entitled to his fees. So in *Adams* v. *Hopkins,* (5 John. Rep. 252,) where the Sheriff had arrested a defendant upon a *ca. sa.* and he was afterwards discharged under the. insolvent act. In the first case it was owing to the plaintiff's own act, that the Sheriff did not sell the property and collect the money : in the second, it was owing to the operation of law. The same point was decided in *Boswell* v. *Dingley,* (4 Mass. Rep. 413.) It is there said, by Parsons, Ch. J. " Could the officer have found estate of the debtor, he ought to have levied his fees, and thus have indemnified the defendant." These cases decide that the officer is entitled to his fees, when by the acts of the plaintiff, or the operation of law, he is prevented from collecting

the money. It may be asked, what should the constable have done? It might be time enough to answer that question, when Pixley sues Butts for not collecting the money, though I am willing to give my opinion upon it now.

In *Clerk* v. *Withers*, (2 Ld. Raym. 1074,) it was decided by Holt, Ch. J. and the whole Court, that when the Sheriff has levied on sufficient goods of the defendant, the plaintiff has no further remedy; that the Sheriff must proceed and bring the money into Court; even if out of office he must sell the goods; and if he return that the goods remain on his hands *pro defectu emptorum*, this is no discharge, but only an excuse to the Court, and he must still go on and sell; even without a *venditioni exponas*. It is said by Ld. Mansfield, (Cowp. 406,) " The legal and proper mode of compelling a sale by the Sheriff, when he makes delay or refuses, is by writ of *venditioni exponas*, upon which he must return the money into Court." (3 Campb. 524, per Ld. Ellenborough, S. P.) In *Leader* v. *Danvers*, (1 B. & P. 359,) the Court refused an attachment against a Sheriff, on a return like the one under consideration, to a *venditioni exponas*, and said, if the plaintiff was dissatisfied with the return, he might set up a purchaser of the goods himself.

At common law, therefore, it seems to be settled, that either on a *fi. fa.* or *vend. exp.* it is the duty of the Sheriff to endeavor, to raise the money, by sale of the goods, as well after as before the return that the goods are on hand, &c., for want of buyers; that such return should be made when the goods cannot be sold unless at a great sacrifice; and if true it excuses the officer from liability to the plaintiff, and is not a contempt of the Court in neglecting to obey its process.

The conduct of constables, upon process from Justices' Courts, must be governed by the same law as that of Sheriffs upon process of the higher Courts, when there is no statute regulation. I am aware that the statute requires the constable to levy within 20, and to sell within 30 days; and this Court has decided that unless he do so, he loses his lien. (*Brown* v. *Hotchkiss*, 9 John. 361. *Wylie* v. *Hyde*, 13 John. 249.) But these cases relate to a contest between creditors, for the property of the same debtor. In such cases a great-

ALBANY,
October, 1823.

er degree of strictness is required, in Sheriffs on process from the higher Courts, than where the question is confined to the parties upon the record. (*Per Curiam in Linnendoll* v. *Doe*, 14 John. 223.) In this case, the constable, having found sufficient goods of the defendant, could not have the execution renewed. (1 R. L. 393. *Wickham* v. *Miller*, 12 John. 320.) He should, therefore, under the execution first issued, have proceeded in due season to a sale. If no bidders had appeared, he might have postponed the sale, and given notice to the plaintiff to attend. I am of opinion that the udgment should be reversed.

Judgment reversed.