##### IN THE

## SUPERIOR COURT OF JUDICATURE.

###### FOR

## THE COUNTY OF GRAFTON, MAY TERM,

### A. D. 1827.

### Eleazer Porter *versus* John Nelson.

Where P. having a farm to sell contracted with T. to sell it for him, T. to
have for his trouble all he could obtain for the farm above $2000, and
to give effect to this agreement P. conveyed the land to T. and T. re-
conveyed the same to P. upon condition that the reconveyance should
be void upon the payment of $2000 ; it was held that the reconveyance
was not a mortgage.

And where P. by deed conveyed to N. the land reconveyed as aforesaid
and described it as " being the same premises mentioned in the mort-
gage deed" T. to P. ; and N. brought a writ of entry against T. as as-
signee of P. declaring upon said reconveyance as a mortgage and ob-
tained judgment : it was held that N. was not estopped to say that the
said reconveyance was not a mortgage, in an action brought by P.
against N. for not entering up judgment against T. as upon a mortgage.

ASSUMPSIT. It was alleged in the first count that
Nelson in consideration that the plaintiff would assign to
him a mortgage of a farm in Hanover, made by one Rob-
ert Turner on the 28th April, 1817, to secure the pay-
ment of $2000 to the plaintiff on demand, promised the
plaintiff on the 17th February, 1819, to collect the amount
due on the mortgage and apply it to the payment of cer-
tain debts due from Porter to Nelson.

A second count alleged that the plaintiff employed the defendant as an attorney to collect the money due on said mortgage and assigned the mortgage to the defendant to enable him to do it in his own name and apply the money when collected to pay the debt due as aforesaid from Porter to Nelson and the defendant promised to conduct the suit in a proper manner ; yet the defendant neglected to take judgement upon the said mortgage as upon a mortgage whereby the plaintiff was prevented from recovering the money due on said mortgage and has been compelled to pay the debt due to the defendant as aforesaid.

The cause was tried here at May term, 1826, upon the general issue, when it appeared in evidence that the plaintiff being seized of a farm in Hanover on the 24th April, 1817, conveyed the same to one Robert Turner in fee. This conveyance was made in order to enable Turner to sell the farm and account with the plaintiff for $2000 and interest from the date of the deed and have the residue of the proceeds of the sale for his trouble ; and in order to secure Porter, Turner on the 28th April in the same year, reconveyed the land to Porter in fee with a proviso in the deed that if Turner should pay to Porter $2000 and interest on demand the deed should be void.

On the 17th February, 1819, Porter being indebted to Nelson made and delivered a deed as follows :

"Know all men by these presents, that I Eleazer Porter, &c. in consideration of $2000, &c. have granted bargained and sold, &c. to John Nelson, &c. all that farm lying and being in Hanover, &c. and being the same premises mentioned in the mortgage deed, (the deed Turner to Porter, April 28, 1817,) &c. to have and hold the same to him the said Nelson, &c. in as ample manner as I the said Porter, &c. might hold and enjoy the same by virtue of the mortgage deed aforesaid. And I do for myself, &c. hereby authorize, &c. the said Nelson, &c. to receive to his own use the sum or sums mentioned in the

condition of said mortgage deed, &c. Provided nevertheless, if the said Porter shall well and truly pay, &c. to said Nelson the full amount of three promissory notes, &c. then the foregoing deed to be void, &c.

In witness whereof, &c.

E. PORTER.

Nelson brought an action against Turner as on a mortgage, and made his declaration thereon specially as assignee, and obtained judgment by agreement of Turner as on a mortgage; but in entering up judgment left a blank in the conditional judgment for the sum due which was never filled, but he took out a writ of possession, by virtue of which he entered upon the land August 4, 1824, and has remained in possession ever since. And Turner finding no sum mentioned in the judgment did not redeem. It was also in evidence that Nelson undertook to collect the money and apply it to the payment of Porter's debt to him. The court being of opinion that the deed from Turner to Porter was not a mortgage, and that Nelson could not be held for any neglect to take judgment as on a mortgage, unless he contracted specially so to do, and the plaintiff failing to show such special contract, intimated to the plaintiff's counsel that the plaintiff could not maintain the action. But it was contended that Nelson, having taken an assignment of the instrument as a mortgage, declared upon it as such, taken judgment thereon as on a mortgage and entered into possession of the land therein described under said judgment was estopped by the deed of assignment and other proceedings as aforesaid to say it was not a mortgage. Whereupon the court directed a nonsuit subject to the opinion of the court upon the case aforesaid.

*Bell*, for the plaintiff, contended that the conveyance from Turner to Porter was a mortgage. It is a mortgage in the form of it according to the strictest rules of conveyancing. Litt. sec. 332 ; Coke Litt. 205, *a.* note 96 ; Shep. Touch. 140 ; 2 Mass. Rep. 493 ; 3 Cranch, 73.

But whether it be a mortgage in fact or not, this defendant is estopped to say it is not a mortgage. It has been decided in *Carpenter* v. *Thompson*, 3 N. H. Rep. 209, that when a deed refers to a generality, the party may aver that the matter to which the reference is made does not exist. But when it refers to a precise thing as existing at the time it is an estoppel.

If a case can be found within this rule, it is apprehended the present case is one. The mortgage from Turner to Porter is not only referred to as existing at the time, but is made the very subject of the grant itself, in the deed of Porter to Nelson. But it is said that the recital or reference binds only the grantor and not the grantee in the deed ; and so the rule seems at least formerly to have been understood. This construction however of the rule is not only opposed directly to another general rule on this subject, namely, that every estoppel ought to be reciprocal, that is, to bind both parties ; and would make it impossible that there should be an estoppel by a deed poll in direct contradiction to the authority of Lord Coke ; but is certainly opposed to the reason of the rule as well as to respectable modern authorities on this subject. 3 Johns. cases, 174, *Colden* v. *Cornell* ; 5 Johns. Ch. cases, 23 ; 17 Mass. Rep. 365 ; 2 Pick. 429 ; 3 N. H. Rep. 209.

The reason of the rule applies as strongly to a deed poll as to a deed indented, or of two parts. If the language of the grantor only can estopp him, it can make no difference in the reason of the thing that the language or covenants of the grantee on other subjects are inserted in the same deed. The true reason undoubtedly is that what is plainly and distinctly declared by one party and is received and acted on by the other, shall bind both ; and such is the present case.

But however this may be, we say, it is clear that the defendant has accepted the estate of a mortgagee in the premises by entering and holding as a mortgagee under

**124**

the deed in question, and is therefore bound by an acceptance of the mortgagee's estate. Coke Litt. 352 *a.*; 2 Pick. 429 ; 17 Johns. Rep. 161, *Fitch* v. *Baldwin* ; 16 Mass. Rep. 357.

The defendent is estopped by matter of record. He has taken an assignment of this deed as a mortgage, has declared upon it as such ; has taken a judgment upon it as of mortgage and has held the premises by that title for more than seven years ; and now comes too late to alter and change his own title. 1 Phill. Ev. 245; Coke Litt. 352; Com. Dig. "Estoppel" B. ; 3 East 346, *Outram* v. *Morewood.*

The judgment of Nelson against Turner binds Porter and Porter may therefore take advantage of it. Porter in this case is privy in estate. He is the grantee of Turner in the very instrument upon which Nelson obtained his judgment against Turner. That judgment consequently binds both, and either may take advantage of it. Could Porter have redeemed as the grantee of Turner in case the judgment had been regular and Turner had permitted the time of redemption to expire without redeeming ? Certainly not.

It is not the recovery, but the matter alleged by the party and upon which the recovery proceeds, which creates the estoppel. So says Lord Ellenborough in *Outram* v. *Morewood.* So in this case. The matter alleged by the party and upon which the recovery against Turner was had, was Turner's deed to Porter. This was alleged to be a mortgage by the party and the judgment thereon confirmed it. Both parties and their privies in estate are now bound by it and may have the advantage thereof.

Upon this point in the case, the authorities are all in accordance ; and however odious estoppels are sometimes said to be, yet when as in this case they constitue part of the assurance and title to the land they are founded in the strongest equity and justice ; and are entitled to the most favorable consideration. 17 Mass. Rep. 368, *Adams* v. *Barnes.*

RICHARDSON, C. J. The plaintiff in this case contends that the deed of Turner which was assigned to the defendant was a mortgage, and as this is denied by the defendant, we shall in the first place examine the nature of that instrument.

It has been said that it may be laid down as a general rule and subject to very few exceptions, that wherever a conveyance or assignment of an estate is originally intended as a security for money, whether this intention appears from the deed itself or by any other instrument, it is always considered in equity as a mortgage and redeemable. Coke Litt. 205, *a.* note 96 ; Cases Temp. Talbot, 61, *Cotterell* v. *Purchase* ; 2 Caine's cases, 200, *Cortelyou* v. *Lansing* ; 4 Mass. Rep. 443, *Kelleran* v. *Brown.*

When land is put in pledge upon condition for the payment of money it is a mortgage. Litt. sec. 332 ; 2 Cowen, 324, *Clark* v. *Henry* ; 2 Fonbl. 251—284 ; Com. Dig. "Chancery" 4 A 1, 2, & 3 ; Equity cases, ab. 310—320 ; 2 Ventris, 364, *Benham* v. *Newcomb* ; 1 P. Wills. 291, *Howell* v. *Price*, and 268, *Floyer* v. *Lavington* ; 3 Mass. Rep. 138, *Newhall* v. *Wright* ; 2 Mass. Rep. 493, *Erskine* v. *Townsend.*

There are conveyances which would be considered in a court of equity as mortgages, but which cannot under our statute be so considered in this state. Thus in chancery, a conveyance of land absolute in terms, if intended as a security for a debt by the parties is a mortgage, whether the intention is manifested by a written defeasance executed at the time of the conveyance, or by parol declaration, or acts of the parties. 2 Cowen, 324, *Clark* v. *Henry.*

But in this state what is to be considered as a mortgage, and when land conveyed can be redeemed, depends upon our statute of February 16, 1791, which enacts "that all real estate conveyed or pledged by mortgage, or deed of bargain and sale with defeasance, may be redeemed by the mortgagor or vendor, his heirs, &c.

on payment of all the sums of money, to secure the payment of which such mortgage or deed was made agreeably to the tenor and effect of the condition in such mortgage contained, or in such writing of defeasance expressed, or on performance of the condition on which such real estate was mortgaged or conveyed." It has been decided that there can be no mortgage within the intent of this clause in the statute, unless the condition be in the deed of conveyance, or in some other instrument under seal, and taking effect at the time of the conveyance. 1 N. H. Rep. 39, *Lund* v. *Lund.* And we are of opinion that no conveyance can be considered as a mortgage, within the meaning of the statute, unless the real estate be put in pledge by it, on condition for the payment of money, or the doing of some other act. The statute extends only to cases where lands are "conveyed" by mortgage, or "pledged" by deed of bargain and sale with defeasance.

In this case the deed from Turner to Porter does not, on the face of it, indicate a mortgage. No mention is made of any debt, obligation, or security. The deed shows nothing more than a conditional sale by Turner. When we look further to the deed from Porter to Turner, the two deeds taken together do not indicate a mortgage ; but a conditional purchase by Turner. And the evidence introduced shows clearly that this was the fact. Turner was the mere agent of Porter to sell the land, and was to have for his trouble what he could obtain above $2000. There was no debt due from Turner to Porter for which the land was put in pledge. Turner had undertaken to do no act for the performance of which the land was mortgaged. The particular mode of conveyance which was adopted, was intended to enable Turner to sell the land as the agent of Porter, and receive for his trouble what he could obtain above a fixed sum. By the agreement Turner was to be the purchaser in case he could sell, and in that case alone. It

Porter
*v.*
Nelson.

therefore seems to us to be exceedingly clear that the deed from Turner to Porter was not a mortgage. 8 Mass. Rep. 568 ; Cro. James, 281 ; Yelverton, 206.

But it is further said on the part of the plaintiff, that the defendant is estopped by the deed of assignment and his subsequent acts, to say that the deed from Turner to Porter was not a mortgage.

Upon examining the deed on which the plaintiff relies as an estoppel, it appears that a certain farm is granted, bargained, and sold to Nelson, which is described as "the same premises mentioned in the mortgage deed," and Nelson is to hold in as ample manner as Porter might hold, "by virtue of the mortgage deed aforesaid," and is authorized to receive to his own use the sum or sums mentioned in the condition "of said mortgage deed." Now it is very obvious that the terms "*mortgage deed*" are used in each of these instances as merely descriptive of the instrument, and we are clearly of opinion that the defendant is not estopped by this mistaken description of the instrument ; and the case of *Skipworth* v. *Green*, 2 Mod. Cases, 312 ; 1 Strange, 610, is strongly in point ; which was covenant upon an indenture by which the plaintiff demised to the defendant two meadows, called Laine's meadows, and the defendant covenanted to pay five pounds for every acre of meadow which he should plough, and the breach assigned was in ploughing up Laine's meadow. The defendant pleaded that Laine's meadow was arable land, and not meadow, and to this the plaintiff demurred. The court were of opinion that it would be carrying the doctrine of estoppels too far to extend them to such a case, and held that the defendant had a right to try the fact whether it were meadow or not.

And we are of opinion that the defendant cannot be precluded by the acts of his, stated in the case, from saying that the said deed from Turner to the plaintiff was not a mortgage. He seems to have acted under a mis-

apprehension of its nature, but a mistake of this kind is no estoppel. If he had contracted specially to procure a judgment as on a mortgage, he might have been bound by the contract. But no such contract is shown.

As the said deed was not a mortgage, the judgment taken had all the effect which a judgment as on a mortgage could have had. A simple demand of the money and a refusal to pay on the part of Turner would have extinguished his claim as effectually as a year's possession under a judgment as on a mortgage.

We are therefore of opinion that there must be

*Judgment on the nonsuit.*