### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

### COUNTY OF STRAFFORD, AUGUST TERM,

### A. D. 1831.

### D. BURNHAM *versus* THE PRESIDENT and TRUSTEES of the Savings Bank for the county of Strafford.

A sheriff who arrests a debtor and commits him to prison by virtue of an execution, is entitled to poundage.

And if he necessarily incurs expenses in the safe keeping and transportation of the debtor, he may lawfully demand of those, who employ him, to be reimbursed such expenses.

But where the fees of the sheriff for any particular service are prescribed by statute, *no greater fees* can be demanded.

If a corporation be sued by a name varying only in words and syllables, and not in substance, from the true name, the misnomer must be pleaded in abatement, otherwise it will not be regarded. But if the name be mistaken in substance, the suit cannot be regarded as against the corporation.

ASSUMPSIT for services performed by the plaintiff, as a deputy sheriff, for the defendants.

The cause was tried here, at August term, 1830, upon the general issue. The plaintiff gave in evidence to the jury, the copy of a writ in the name of "the savings bank for the county of Strafford," against D. W. Cawley

and L. Sanborn, with a copy of his own return upon the same, that he had attached a farm of Sanborn, and a hat of the value of ten cents, belonging to Cawley, and of his fees endorsed upon the writ as follows :

| | |
|---|---|
| Two services, | $0,46 |
| Travel, | ,21 |
| Attaching, | ,50 |
| Copy, | 1,00 |
| Travel to town clerk's, | ,29 |
| | $2,46 |

The plaintiff also gave in evidence to the jury a copy of an execution in favour of " the savings bank for the county of Strafford," against the said Cawley and Sanborn, with a copy of his own return endorsed thereon, that he had taken the body of Cawley and committed him to prison in Dover, and a copy of his fees endorsed on the same execution as follows :

| | |
|---|---|
| Service, | $0,23 |
| Travel, | ,24 |
| Poundage, | 4,93 |
| Horse and sleigh 50 miles, | 5,00 |
| Copy, | ,50 |
| Keepers, | 2,50 |
| Expenses, | 2,89 |
| | $16,29 |

The plaintiff claimed to recover the said sums endorsed on the said writ and the said execution as aforsaid.

On behalf of the defendants, it was objected that the said writ and execution did not appear upon the face of them to have been in favor of the defendants, and so were not evidence until it was shown that " the president and trustees of the savings bank for the county of Strafford," and " the savings bank for the couty of Strafford," were one and the same corporation, or that the defendants employed the plaintiff to do the services, but the court overruled the objection.

It was also objected that the plaintiff was not entitled to recover the sum charged for poundage, for horse and sleigh, for keepers, for expenses, nor for making the attachment upon the writ. But the court instructed the jury that the plaintiff was entitled to recover a reasonable sum for making the attachment, and for keepers, horses, carriages and expenses, and that he was also entitled to poundage upon the execution.

The jury found for the plaintiff $12,15, and the defendants moved for a new trial on the foregoing case.

*F. Smith,* for the plaintiff.

*Hodgdon* and *Christie,* for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.

It is contended that there ought to be a new trial in this case, because the jury were misdirected in relation to the fees, which the plaintiff had a right to demand.

We entertain no doubt, that, when an officer arrests the body of a debtor, and commits him to prison, he is entitled to poundage, as well as to fees for travel. 4 Mass. Rep. 411, *Boswell* v. *Dingley ;* 13 Johns. Rep. 378, *Scott* v. *Shaw.*

And these fees are to be considered as the only fees he has a right to demand in such a case, for his own responsibility, time and services. But we are of opinion, that if, in the discharge of this duty, the officer necessarily incurs expenses in the safe keeping and transportation of a prisoner, he may lawfully demand of those who employ him, to be reimbursed such expenses. 1 N. H. Rep. 27—28 ; 9 Johns. 328 ; 12 ditto, 298.

We are, therefore, of opinion, that the jury were properly instructed on this subject, except in relation to one charge made by the plaintiff.

The charge made for attaching property has no legal foundation. The attachment of property is part of the service of the writ, for which a fee is prescribed by statute, and of course, no greater fee can be legally claimed.

There may be cases, in which a sheriff is entitled to

fees for keeping and taking care of property attached. 1 Pick. 59, *Phelps* v. *Campbell.* But for the attachment he can demand no other fees than the statute prescribes. We therefore think, that in relation to this charge, the jury were misdirected.

Another ground on which a new trial is claimed in this case, is, that the copies of the writ and execution in favor of " the savings bank for the county of Strafford," were improperly received in evidence against these defendants, who are sued by the name of " the president and trustees of the savings bank for the county of Strafford." And the question is, whether it can be intended that " the savings bank for the county of Strafford," and the president and trustees of the savings bank for the county of Strafford, are one and the same body ?

It is well settled that a misnomer, in the case of a corporation, must be pleaded in abatement, as well as in the case of a natural person. But even in the case of a natural person, when the name of a defendant is mistaken, and he is sued by a name varying materially from his true name, the process will not warrant any proceedings against him ; and if he be arrested, the officer will be a trespasser. 1 Marshall, 75 ; 2 Taunt. 399, *Wilks* v. *Lorck* ; 7 Cowen, 332, *Mead* v. *Haws.*

And when a corporation is sued, if the name of the corporation is mistaken materially and substantially, the corporation cannot be affected by the proceedings. There is, in these cases, a distinction made between a variance in words and syllables only, and a variance in substance. If a corporation be sued by a name varying only in words and syllables, and not in substance, from the true name, the misnomer must be pleaded in abatement, otherwise it will not be regarded. But if the name be mistaken in substance, the suit cannot be regarded as against the corporation. This seems to us to be the law as established by adjudged cases. 10 Coke, 124 ; 2 Starkie's Ev. 424 ; 10 Mass. Rep. 360 ; 1 B. & P.

40 ; 2 Cowen, 780 ; 2 N. H. Rep. 313 ; 5 Mass. Rep. 94—101.

In this case, if the true name of the corporation intended to be sued is, " the savings bank for the county of Strafford," we think the name is altogether mistaken in the writ. The president and trustees of the corporation are not the corporation, and cannot be charged for the debts of the corporation. If the corporation is truly named in the writ, the plaintiff may recover, if he can prove that this corporation employed him to serve the precepts, for which he now claims fees, but otherwise, not. We are of opinion that the copies were improperly submitted to the jury as evidence, and on this ground there must be

*A new trial granted.*