THE STATE OF NEBRASKA, EX REL. THOMAS M. FRANSE,
v. WILBUR F. BRYANT.

**Judgment:** COLLECTION WITHOUT EXECUTION: COMMISSION.
The commission of one per cent authorized by sec. 11, chap. 28,
of the Compiled Statutes, on money collected on judgment with-
out execution by a justice of the peace or a county judge is to
be paid by the judgment debtor.

ORIGINAL application for mandamus.

*Thomas M. Franse, pro se.*

*Wilbur F. Bryant, pro se.*

MAXWELL, CH. J.

The defendant is the county judge of Cuming county.
The First National Bank of West Point recovered a judg-
ment before him on a promissory note against one Fer-
dinand A. Mervis as principal and Thomas M. Franse and
William Boldt as sureties.

On the same day upon which judgment was rendered
the sureties paid to the defendant the amount of the judg-
ment and costs and tendered him twenty-five cents to enter
satisfaction of the judgment. He refused to enter such
satisfaction unless he was also paid one per cent on the
judgment as commission. The relator thereupon brought
this action to compel satisfaction of said judgment.

Section 9, chap. 28, of the Compiled Statutes provides
that " For any service performed by the probate judge in
any matter within the jurisdiction of justices of the peace
he shall be allowed the same fees as are allowed by law to
justices of the peace for like services, and no more; in all
civil actions triable in the probate court, of which a justice
of the peace has not jurisdiction, the probate judge shall
be entitled to receive the trial fee as is now allowed to jus-
tices of the peace for like service in justice's court."

Section 11, same chapter, provides that for "Docketing each cause twenty-five cents. Taking affidavit, twenty-five cents. Filing petition, bill · of particulars, or other paper necessary in a cause, ten cents. Issuing summons, capias, subpœna, order of arrest or venire for jury, fifty cents. Issuing execution, order of sale, order of attachment, order of replevin, and entering return therein, fifty cents. Issuing writ of restitution and entering return therein, one dollar. Administering oath or affirmation to witness, ten cents. Entering judgment in any cause, fifty cents. Taking acknowledgment of deed or other instrument, fifty cents. Swearing jury, twenty-five cents. Copy of appeal, certiorari, or copy of pleadings or other papers for any purpose, for each ten words, one cent. Taking deposition, for each ten words, one cent. Certificate and seal, twenty-five cents. Issuing warrant or mittimus, one dollar. Taking information or complaint, fifty cents. Discharge to jailor, twenty-five cents. Dismissal, discontinuance, or satisfaction, twenty-five cents. Written notice to party or parties, ten cents. Filing notice and opening judgment for rehearing, thirty cents. Each adjournment, fifty cents. Performing marriage ceremony, three dollars. Each day's attendance upon trial of a cause after the first day, one dollar. Taking and approving bail bond, twenty-five cents. Entering voluntary appearance of defendant, twenty-five cents. Issuing attachment, fifty cents. Entering motion or rule, ten cents. Rule of reference to arbitrators, fifty cents. Entering award of arbitrators, twenty-five cents. Commission on money collected on judgment without execution shall be one per cent on the amount."

The question for determination is, is this one per cent commission to be paid by the debtor or by the creditor?

Sec. 828 of the revised statutes of the United States, under the title "Clerk's Fees," provides that "for receiving, keeping, and paying out money in pursuance of any

statute or order of court, one per centum on the amount so received, kept, and paid, shall be allowed." There are no decisions, however, under this statute.

In *Pixley v. Butts*, 2 Cow., 421, it was held that to entitle a constable to his fees upon an execution he must sell the property unless prevented by the plaintiff or by operation of law; and in *Hildreth v. Ellice*, 1 Caines, 192, where the sheriff had levied upon the property of the defendant sufficient to satisfy the execution, but before the sale the parties settled, it was held the sheriff was entitled to his fees, and in *Adams v. Hopkins*, 5 John., 252, where the sheriff had arrested a defendant, who was afterwards discharged under the insolvent act, it was held that the sheriff was entitled to his fees, as the defendant was discharged by operation of law; the same point was decided in *Boswell v. Dingley*, 4 Mass., 413.

After an exhaustive examination of the authorities the the writer has been unable to find any case exactly in point. The case turns, therefore, upon the proper construction of our statute.

Where an execution is issued upon a judgment the costs of issuing such execution, together with commission on all money received and disbursed by the sheriff on the sale of property, for each dollar, not exceeding $400, three cents, for every dollar above $400, not exceeding $1,000, two cents; for every dollar above $1,000, one cent. Constables are allowed the same fees as are paid to sheriffs for like services. These fees are chargeable to and are to be paid by the judgment debtor. The creditor is entitled to the full amount of his judgment. It would seem that the same rule would apply where the debtor pays the amount of the judgment to the justice of the peace or the county judge before whom the judgment was rendered. The money is collected by the officer in his official capacity for the benefit of the creditor; it is also for the benefit of the judgment debtor, as the costs of issuing execution, levying upon

property, advertisement, and commissions to the sheriff or constable are thereby saved. In some of the states a sheriff is entitled to half commission where levy has been made and debt paid to the plaintiff, or otherwise settled by the parties without a sale. This allowance is made for the trouble, care, and risk of the officer in discovering and levying on the property of the defendant, and its safe keeping for the purpose of a sale, and securing the payment of the amount due. *Sturgis v. Lackawanna, etc., Co.,* 27 N. J. L., 424. Murfree on Sheriffs, sec. 1068. *Gaty v. Vogel,* 40 Mo., 553. In Indiana it was held that the sheriff was entitled to no commissions whatever on money paid by the defendant to the plaintiff, where the payment was made before the execution was served. *Miles v. Ohaver,* 14 Ind., 206. Whether this rule would prevail under our statute is not now before the court. We are of opinion that the commission of one per cent on money collected on judgment without execution is to be paid by the judgment debtor, and not by the creditor. The writ will therefore be denied.

WRIT DENIED.

THE other judges concur.