## JONATHAN LADD vs. LOWELL KENNEY.

*If an endorser of a note, who has not had regular notice of the non-payment by the maker, does, with a full knowledge of the fact, make a subsequent promise to pay, it is a waiver of the want of due notice.*

THIS was an action of assumpsit against *Kenney*, as endorser of a note of hand made by *Hazen Lawrence*, dated March 14, 1816, for $40, payable to *Kenney* or order in sixty days with interest, and by him endorsed to the plaintiff.

The cause was tried here at September term, 1820, upon the general issue, when it appeared in evidence, that the note was endorsed by the defendant to the plaintiff before it became due ; that the plaintiff and *Lawrence* both resided in Meredith, in this county, and that *Kenney* resided in Salem, in Massachusetts. The plaintiff presented the note to *Lawrence* for payment in due season, and *Lawrence* refused to pay it. No notice was proved to have been given to *Kenney* that *Lawrence* had refused to pay, until more than a month afterwards, when *Kenney*, being at Meredith, was informed by the plaintiff that the note was not paid, upon which *Kenney* said that he would see *Lawrence*, and have the note paid before he returned to Salem.

The court instructed the jury, that the notice of the non-payment of the note by *Lawrence*, given by the plaintiff to the defendant at Meredith, was not seasonable notice ; but that if they were satisfied that the defendant then undertook to see the note paid, it was in law a waiver of any irregularity in the notice, and the defendant was liable.

The jury returned a verdict for the plaintiff, and the defendant moved the court for a new trial, on the ground of a misdirection to the jury.

*Walker*, for the plaintiff.

*Moody*, for the defendant.

RICHARDSON, C. J. It seems never to have been doubted, that if the endorser of a note, after being apprised of the negligence of the holder in making a demand, or in giving notice, and also of the legal consequences of such negligence, promises to see the note paid, it is in law a waiver of any objection he might have otherwise taken on account of the irregularity of the demand or notice, and he must be held

liable. *Chitty on Bills* 186 *and* 187, *note.*—2 *D. & E.* 713, *Rogers vs. Stephens.*—6 *East* 16, *note, Hopes vs. Alder.*—2 *Strange* 1246, *Vaughan vs. Fuller.*—*Peake's Ca.* 202, *Wilkes et al. vs. Jacks.*—*Buller's N. P.* 276.—7 *East* 231, *Lundie vs. Robertson.*—12 *Mass. Rep.* 52, *Hopkins vs. Liswell.*

But it has been sometimes held, that when an endorser promises to pay under a misapprehension of the law, although with a full knowledge of all the facts, it is not a waiver of any objection he may have to the demand or notice. 7 *Mass. Rep.* 449, *Warder vs. Tucker.*—*Chitty on Bills* 187, *note, Chatfield vs. Paxton.*

The better opinion, however, seems to be, that if the promise is made with a full knowledge of all the facts, the endorser will be liable, whatever may have been his misapprehension of the law. *Chitty on Bills* 186.—12 *East* 38, *Stevens vs. Lynch.*—7 *East* 231, *Lundie vs. Robertson.*—5 *John.* 248, *Durgee vs. Dennison.*—2 *East* 469, *Bilbie vs. Lumley et al.*—15 *East* 274, *Hopley vs. Dufresne.*—4 *Dall.* 109, *Donaldson vs. Means.*—13 *East* 417, *Potter vs. Rayworth.*—5 *John.* 375, *Miller vs. Hackley.*—12 *ditto* 423, *Griffin vs. Goff.*

In the present case, the defendant, when informed more than four weeks after the note became due, that it had not been paid, made no objection that he had not been seasonably notified, but promised to see *Lawrence*, and have the note paid before he returned home. We are of opinion that the jury were rightly directed to consider such a promise as a waiver of any objection to the notice, and that there must be

*Judgment on the verdict.*