## HENRY PINKHAM *vs.* JAMES GEAR.

The statute of February 3, 1789, sect. 4, gave the judge of probate jurisdiction to cause the dower of a widow to be assigned to her in lands of which the husband died seized : but not in lands, which the husband had conveyed in fee and in mortgage.

But, where a husband had conveyed the land in fee and in mortgage, and there was a *parol* agreement between the grantee and the widow of the grantor, that she should take her dower by the assignment of commissioners to be appointed by the judge of probate, and an assignment was accordingly thus made, it was held, that the assignment was valid, whether the grantee knew, that the judge of probate had no jurisdiction or not.

An assignment of dower need not be in writing.

THIS was an action of trespass *quare clausum fregit*, and was tried here at September term, 1824, upon the general issue.

The plaintiff offered in evidence to the jury a deed made by *Susanna Pinkham*, on the 22d February, 1822, and purporting to convey to the plaintiff the *locus in quo*, being her dower in the estate of her late husband, *Richard Pinkham*, deceased. He also offered in evidence a copy of a warrant from the judge of probate in this county, dated April 24, 1821, to certain freeholders, to assign to the said *Susanna* her dower in the estate of her said late husband, a return of the said warrant by the said freeholders, assigning the *locus in quo* to the said *Susanna*, as her dower, and a decree of the said judge of probate, made October 9, 1821, accepting and allowing the said return.

The defendant shewed in evidence a deed made by *Richard Pinkham*, on 1st May, 1818, by which he conveyed to the defendant, in fee and in mortgage, the land, in which the said *Susanna* had her dower assigned as aforesaid.

The plaintiff then introduced evidence tending to prove, that the defendant agreed, that the said *Susanna* should have

her dower in said estate assigned by a committee appointed by the judge of probate. And the court instructed the jury, that if they were satisfied, that the defendant verbally agreed, that the said *Susanna* should take her dower in said estate by the assignment of a committee, to be nominated by the judge of probate, he was bound by the assignment, whether he knew that the judge of probate had no jurisdiction in the case or not. But if the said assignment was not made in pursuance of such an agreement on the defendant's part, it was void, and the defendant entitled to a verdict.

The jury having returned a verdict for the plaintiff, the defendant moved the court to grant a new trial.

*Woodbury*, for the defendant, argued—

1. That the assignment of dower by the court of probate through a committee, &c. was in this case altogether without authority and void. 9 *Mass. R* 10, 12, *Sheafe. vs. O'Neil.*— 1 *Greenleaf* 46, *Fosdick, vs. Gooding.*—*Stearns on real actions,* 299.

2. That proceedings by, or before a court, which had no authority over the subject matter, could not be ratified by a prior assent of a party to such proceedings.

They were *coram non judice. Com. Di. " Confirmation"* D. 1.—*Dyer* 2396.—8 *East* 118.—7 *ditto* 80.—9 *Mass. R.* 331.

3. That here was no assignment contemplated by either party, except one by the court of probate ; and hence that the jury were misdirected in being told, that a prior assent to a committee by that court bound the defendant.

4. That if the parties had contemplated a parol assignment, which was not pretended, such an assignment is here invalid under the statute of frauds; and at common  w was never valid unless by the husband before marriage or his heirs, and not his grantees, after death. *See cases cited* 2 *N. H. Rep. Perley vs. Johnson.*—9 *John.* 61, *Stuyvesant vs. Tompkins.*

5. And if not invalid, that such an assignment is not completed till the dower be carved out and offered to the widow by the tenant, which was not done here, and before the committee had reported, the tenant expressed a dissatisfaction with their doings.

It must be tendered, as if on demand ; (*See forms of plead-ing an assignment, Stearns on Real actions, App. No.* 83, 84) must be " admeasured" by tenant or by his direction ; (20 *John.* 412, *Jackson vs. Aspell,*) must be "set off " by him. *Stearns supra.*

6. The widow is a trespasser till dower is duly assigned, if she enter into possession. 3 *Reeves Hist. of Eng. Law* 333.—*Litt. Sec.* 45.—14 *Mass. Rep.* 378.—17 *John.* 167. —7 *ditto* 247.—9 *Mass. Rep.* 14.

7. If tenant had selected the committee, not as under the court of probate, but as private agents to act for him, he could not object to their doings before the dower was offered or tendered, and the assignment thus completed. *Paley on Agents,* 158.—2 *Camp. Cases* 339, *Hyman vs. Neale.*—3 *ditto* 127.

8. To say that here was a private contract, that certain persons, in a private capacity, should assign this dower for the tenant, is not the truth or the finding of the jury ; and if it was, it was only an executory contract, and could be object-ed to before the assignment was completed.

*J Bartlett,* for the plaintiff.

The questions which arise in this case are—

1. Was there a parol assignment of dower from *Gear* to *Susanna Pinkham* ?

2. Is a parol assignment valid under our statute ?

Under the first question we contend, that the doings of the committee, who made this assignment, were the acts of the parties themselves ; that the maxim, " *qui facit per alium facit per se,*" applies in its fullest extent. This committee were appointed and agreed upon by the parties for the ex-press purpose of making this assignment, and as such were the agents of both parties

The view, which the counsel for the defendant takes, in re-lation to the facts, in one particular is incorrect, viz. that there was no assent, on the part of the defendant, to the particular individuals who constituted the committee, but merely an as-sent to the appointment of a committee by a third person.

Now if this is at all natural, it will be seen by the state-ment, that such are not the facts. The defendant did assent

to the particular men at the time they came to make the assignment.

The objection made also by the defendant's counsel, that there was no assent by the defendant to the doings of said committee after they were completed, is answered, if any answer is necessary, by the facts, that the defendant did afterwards make an attachment and levy upon premises assigned to her as her property, and received of the present plaintiff the money necessary to redeem it.

Although, as is suggested, the evidence of these facts was ruled out on the trial, yet this ruling of the court is made a part of the case, and they have now a right to consider them, if they believe they have any bearing on this point.

The second question, whether a parol assignment is valid under our statute, has not been directly decided by this court. They have, however, decided that a parol assignment is valid at common law. *N. H. Rep.* 48.

It then remains to be considered, what is the effect of our statute, denominated the statute of frauds ?

The words of the statute are, " no lease, estate, or inter-
" est, either of freehold, &c. or any uncertain interest of,
" in, or out of any messuage, &c. shall be assigned, grant-
" ed, &c. unless by deed or note in writing, &c., or by act
" or operation of law."

It is necessary, then, to decide, that an estate or interest passes by the assignment of dower from the heir or tertenant to the widow, in order to bring this case within the statute.

*Coke* says, that this estate " exists of common right,
" the heir or tertenant is the mere minister of the law to carve
" it out to her." Then of course no interest passes from the heir to the widow ; her interest is created or given to her by the law ; and the heir or tertenant acts in the same capacity, in marking it out to her, as does the officer or admeasurer under him, in making an assignment by judgment of court. The heir may act as this minister or agent if he please ; if not, the law has provided other ministers with the same power. It could hardly be said that there is an interest passes, in a legal sense, from the heir to the widow, by his granting her a right, which if refused, she can recover by judgment of law.

But, in case it becomes necessary, the plaintiff will contend, that the assignment was sufficient as a proceeding of the judge of probate.

It never has been decided, that a judge of probate has not authority to assign dower against a mortgager with notice to him ; and more particularly with his consent, which is the present case.

In *Mass. Rep.* it is stated by the court, that the jurisdiction of a judge of probate in assigning dower is one, where it affords its aid and sanction with the implied consent of the parties concerned    In this case there is an express consent. The heir has as great an interest as the mortgagee ; and no reason can be given, why an assignment against the mortgagee, with notice and with his consent, should not be as valid, as against the heir without either.   In support of this position, I would cite Judge *White's* treatise on the probate law of Massachusetts, a work of high reputation, page 99.

RICHARDSON, C. J. delivered the opinion of the court.

The statute of Feb. 3, 1789, entitled " an act ordering " the descent of intestate estates, and empowering the judge " of probate to settle the same accordingly," *(section* 4, has always been understood to give the judge of probate power to cause partition to be made among the heirs, and the dower of the widow to be assigned her, in all real estate, of which an intestate died seized.   1 *N. H. Laws* 208.   But the court of probate has not been considered as having jurisdiction to assign dower, where the intestate had conveyed the land in fee and in mortgage.   13 *Mass. Rep.* 413.—**9** *ditto* 9.

And the revised statute of 1822, *(cap.* 31, *sec* 28,) expressly confines the jurisdiction of the judge of probate, in relation to the assignment of dower, to cases, where the husband died seized and possessed.

We are therefore of opinion, that the judge of probate had no authority to assign the *locus in quo* to *Susanna Pinkham* as her dower, the husband having conveyed the land in fee and in mortgage.

Pinkham
*vs.*
Gear.

But the jury were directed, that if the defendant agreed, that *Susanna Pinkham* should take her dower by the assignment of commissioners appointed by the judge of probate, he was bound by the agreement, whether he knew that the judge of probate had jurisdiction, or not ; and it is contended, that they were misdirected in this respect. But, we apprehend, it is well settled, that no man can avoid his contract by an allegation, that he made it under a misapprehension of the law. 2 *N. H. Rep.* 340, *Ladd vs. Kenney.*

It is also urged in this case, that the jury were misdirected, because they were instructed, that if the defendant verbally assented, it was sufficient ; and that this was tantamount to telling the jury, that dower might be assigned by *parol* ; and we think, that the assignment in this case, amounts to nothing more than a *parol* assignment. Yet, still, in our opinion, such an assignment is sufficient. No estate or interest passes by the assignment, and a deed, or other writing is unnecessary. 1 *Pickering's Rep.* 189, *Conant vs. Little.*—2 *N. H. Rep.* 48.

*Judgment on the verdict.*