## JOHN FISK *versus* NANCY EASTMAN.

Where a husband was, during the coverture, seized only of a vested remainder in lands, it was held that this was not such a seizin as to entitle the wife to dower in the lands.

Where a husband does not die seized and possessed of the land, an assignment of dower to his widow by the judge of probate is void.

THIS was a writ of entry brought to recover a tract of land in Hopkinton. As to the parcel of the demanded

premises, which had been assigned to the tenant as her dower in the estate of her late husband in the manner hereafter stated, she pleaded the general issue, and to the residue she filed a disclaimer.

The cause was submitted to the decision of the court upon the following facts.

On the 25th September, 1806, Benjamin Eastman, being seized of the demanded premises in fee, conveyed the same by deed, to his son, Moses Eastman, in fee, with warranty, and at the same time the said Moses, by deed, re-conveyed the same to the said Benjamin and his wife, to hold to them during their joint lives, and the life of the survivor.

On the 20th February, 1817, the said Moses Eastman, by deed, conveyed the same premises to David Eastman, the late husband of the tenant, subject to the conveyance aforesaid, to the said Benjamin and wife; and the said David entered and lived upon the premises until his death ; the said Benjamin and wife also remaining upon the land.

On the 13th July, 1826, the said Benjamin Eastman died ; and on the 4th April, 1827, the said David Eastman died ; and on the 24th February, 1829, the said wife of the said Benjamin Eastman died.

After the decease of the said David, the tenant remained upon the land, and on the 8th April, 1828, her dower was set off to her in the demanded premises, by a committee appointed by the judge of probate, whose report was accepted and allowed at a probate court, holden on the last Tuesday of July, 1828.

On the 7th April, 1828, the administrator of the estate of David Eastman, which was administered in the insolvent course, by virtue of a license, from the judge of probate, sold and conveyed the demanded premises to J. Jewett and A. Currier, who, on the 25th August, 1828, conveyed the same by deed to the demandant.

Fisk
*v.*
Eastman.

*Horace Chase,* for the demandant.

*Whipple* and *Woodbury,* for the tenant.

HARRIS, J. The demandant, in this action, is entitled to judgment, unless the tenant's claim to dower be well founded.

The question to be settled is, whether David Eastman, the late husband of the tenant, was, during the coverture, so seized of the demanded premises, that his widow is entitled to dower in the same. If he were so seized, the tenant has a legal right to hold the part assigned to her, by the court of probate, which she now claims.

It is a well settled principle, that to entitle his widow to dower, the husband must have an actual *corporeal* seizin, or a right to such seizin, during the coverture. He must have the freehold and inheritance in him, *simul et simel.* A legal seizin of a vested remainder, is not sufficient for that purpose. 4 Mass. Rep. 566, *Holbrook* v. *Finney.*

To determine the present case, it is only necessary to ascertain what was the seizin of David Eastman.

The deed, from Benjamin Eastman to Moses Eastman, and the conveyance back to the said Benjamin and his wife, bearing even date, and being executed at the same time, must be construed together. They are to be considered parts of the same contract, as taking effect at the same moment, and constituting but one act. Moses was therefore seized but for an instant, taking a fee and giving back a freehold. He, by that transaction, became seized, to all legal intents and purposes, of a remainder only.

It is well settled, that of such an instantaneous seizin in the husband, his wife shall not be endowed. Cro. J. 615, *Amscotts* v. *Catherich* ; 2 Coke 77, *Ld. Cromwell's case* ; Co. Litt. 31, *b* ; 7 Mass. Rep. 253, *Eldridge & a.* v. *Forrestal & ux.*

Moses had nothing more in the land than a remainder, which he could transfer to David Eastman. This is all

which he attempted to convey. The freehold continued in Anna Eastman during her life. As she survived the said David, it is clear that the tenant is not entitled to dower. The proceedings in the court of probate were without foundation, and are wholly void.

The claim of the tenant therefore fails altogether, and there must be judgment for the demandant.

GREEN, J., of the same opinion.

RICHARDSON, C. J. This is a very plain case. The husband of the tenant never had any thing in the land, except a vested remainder, and this is well settled not to be sufficient to entitle his widow to dower. 7 Mass. Rep. 253, *Eldridge & a* v. *Forrestal & u*.

But dower has been assigned to the tenant by a decree of the judge of probate. If the judge had jurisdiction, that decree is conclusive. But, unfortunately for the tenant, the judge of probate has no jurisdiction except where the husband dies seized and possessed. In this case the husband did not die seized, and the decree of the judge of probate is void. 3 N. H. Rep. 163, *Pinkham* v. *Gear ;* 2 Mass. Rep. 124 ; 9 ditto 9, *Sheafe* v. *O'Neil*.

*Judgment for the demandant.*