## LUTHER WHITNEY *versus* LUTHER ABBOT.

A, being indebted to B, passed to the latter in payment, the note of C, payable to A, or bearer, at a future day, and endorsed by A. Before the note became due, C failed, and thereupon A told B, he should have no trouble about it, and that the note should be paid—it was held, that B might maintain an action against A, upon the note, as upon an order not accepted, without showing that payment had been demanded of C.

ASSUMPSIT. The first count was upon an order not accepted, drawn by the defendant, in favor of the plaintiff, upon Nathan Whitcomb, & Company.

There were also counts for money had and received, and for money lent.

The cause was tried here, upon the general issue, at October term, 1830, when the plaintiff produced a note made by Nathan Whitcomb, & Company, dated May 1, 1828, for $437,50, payable to the defendant, or bearer, in one year, and endorsed "Luther Abbott to Luther Whitney." It appeared in evidence, that the defendant being indebted to the plaintiff, the latter agreed, in the summer of 1828, to receive the said note in payment, provided the defendant would endorse it. And thereupon the defendant endorsed it as above stated, and passed it to the plaintiff.

Whitcomb & Company failed in 1828, soon after the note was delivered to the plaintiff.

On the 4th April, 1829, the defendant told the plaintiff that he, the plaintiff, should have no trouble about the note, that he, the defendant, would pay it ; that it should

be paid, and that he was going to his brother to procure the money to pay it.

In the latter part of May, 1829, the plaintiff told the defendant that if he would give his note for the amount it would save the plaintiff a journey to Rockingham, where Whitcomb & Company lived. The defendant asked how long the law would give the plaintiff to call upon Whitcomb & Company? To which the plaintiff answered that any time that month would do.

After the writ in this case was served upon the defendant, he offered to give his note for the amount, if the plaintiff would wait a year. And he afterwards said that he had made arrangements to pay soon, but as he was sued, the jury must settle it, as the plaintiff had not gone according to law.

A verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Wilson* and *Woodbury*, for the plaintiff.

*J. Parker*, for the defendant.

*By the court.* In this case, after it was ascertained by the parties that the makers of the note had failed, and before the note had become due, the defendant told the plaintiff, that the latter should have no trouble about it, that he, the defendant, would pay it, and that he was going to procure the money to pay it. This we think must be considered as a direct and absolute promise to pay, at all events, when the note became due, and the question is, whether this promise was a waiver of the right of the defendant to call for proof of a regular demand and notice?

It is well settled, that after the holder of a note has neglected to make a demand and to give notice, the consequences of this neglect may be waived by those who are entitled to insist upon it ; and that a promise to pay, made with a full knowledge of the facts, is a waiver of the advantage which the law gives upon such neglect. 3 N. H. Rep. 347; 6. J. B. Moore, 319, *Patterson* v. *Beecher* ; 2 N. H. Rep. 340.

And we do not perceive any sound reason, why a party may not, before any neglect to make demand, or to give notice, has taken place, waive his right to call for proof of a demand and notice as well as afterwards ; nor why an absolute promise to pay, made before there has been any neglect, should not be deemed such a waiver.

And it seems to be settled, that an absolute promise to pay is such a waiver, as well when made before the note becomes due as when made afterwards. 1 Johns. Cases, 99, *Leffingwell* v. *White* ; 6 Pick. 80, *Barker* v. *Parker* ; 4 Pick. 525, *Boyd* v. *Cleveland* ; 2 Starkie's Ev. 275, Bailey on Bills, 187—193.

*Judgment on the verdict.*