#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

### COUNTY OF CHESHIRE, OCTOBER TERM,

### A. D. 1831.

## SOPHIA MOORE *versus* JOSEPH ESTY.

A conveyed a tract of land to B, in fee, and B, at the same time, reconveyed the land to A, for life, by a deed, in which it was stipulated that A should not take possession, provided B should perform the condition of a certain bond, given by B to A—it was held, that although the reconveyance by B to A was intended as a security, it was not a mortgage, and that upon the death of B before A, the widow of B was not entitled to dower.

Where a husband has a freehold estate, and a remainder in fee, in land, and there is an intervening vested estate of freehold in some other person, the husband has not such an estate as to entitle his widow to dower.

THIS was a writ of dower, brought to recover the dower of the said Sophia, in three parcels of land, of which Josiah Moore, junior, her late husband, was alleged to have been seized during the coverture. The cause was submitted to the court upon the following case.

Josiah Moore, junior, the husband of the demandant, was seized during the coverture of two of the parcels of land described in the writ.

On the 2d April, 1816, Josiah Moore, the father of the

said Josiah Moore, junior, being seized of the other parcel of land mentioned in the writ, conveyed the same to the said Josiah, junior, in fee, with warranty ; and at the same time, the said Josiah, junior, by deed reconveyed the same land to the said Josiah Moore, to his sole use, during the natural life of the said Josiah Moore, and during the natural life of Mary, the wife of the said Josiah Moore. In the last mentioned deed it was provided, that in case the said Josiah, junior, should fulfil the conditions of a certain bond of the same date, securing to the said Josiah Moore, a maintenance, &c. then the said Josiah Moore was not to take possession of the land, but otherwise he was to have full right to enter and hold the land.

From the said 2d April, 1816, the said Josiah, junior, had possession of the land, and fulfilled the condition of the said bond, until January, 1821, when he abandoned the land, and removed from the state, and never afterwards furnished the said Josiah Moore any support.

The said Josiah Moore, as soon as the said Josiah, junior, abandoned the land, entered and continued in possession until his death, in August, 1828.

The said Josiah, junior, died in October, 1825, and the demandant, who was his wife, at the time of his decease, demanded her dower of the tenant on the 20th, November, 1828.

Josiah Moore, junior, on the 28th April, 1820, conveyed the land to Arad Hunt, in fee and in mortgage, to secure the payment of a note of $500. Afterwards, one Asa Britton, having an execution against the said Moore, junior, on the 13th November, 1821, caused the same to be extended upon the land, subject to the mortgage, and having discharged the mortgage, conveyed the land to the tenant on the 13th December, 1826.

*Handerson*, for the tenant.

It is well settled, that to entitle a widow to dower, the husband must be seized during the coverture. A seizin

for an instant does not constitute a sufficient seizin for this purpose. 4 Mass. Rep. 566, *Holbrook* v. *Finney*; 14 ditto, 351 and 20.

A wife is not dowable at law of an equity of redemption. 10 Mass. Rep. 364.

A deed of bargain and sale, and of mortgage in fee, vests the seizin of the estate in the mortgagee. *Brown* v. *Cram*, 1 N. H. Rep. 169.

A wife is not dowable of a remainder or reversion. 7 Mass. Rep. 253, *Eldridge* v. *Forrestal*.

The two deeds, in this case, taken as one conveyance passed a fee to Josiah, junior, and at the same instant, vested an estate of freehold in Josiah, senior.

If it is true, the conveyance of the freehold is conditional, a mortgage—yet the estate immediately vested in the mortgagee, and the mortgagor was seized only of the reversion.

It may be said that Josiah, junior, had the actual possession for several years after the conveyance, and that provision is made in the deed that he shall have possession so long as he performs the condition. But the question still returns, who had the freehold? We think that the agreement that Josiah, junior, should have possession so long as he performed the condition of the bond, did not place the freehold in him.

*J. Parker*, for demandant.

The objection to the demandant's recovery is strictly technical. The tenant holds under the title of the husband, and has never, in any way, purchased, or paid any thing for the right of dower. He attempts to avoid the principal part of the demandant's claim, by alleging an instantaneous seizin on the part of the husband.

It is a sufficient answer to this to say, that the husband took a fee and conveyed back only a freehold. The fee, therefore, which he received, actually rested in him, and he carved out of it a less estate, an estate of freehold— the objection, therefore, does not apply.

The seizin for an instant is, where the husband, by the transaction, parts with the same estate which he received. 4 Mass. Rep. 568, *Holbrook* v. *Finney*; 15 Johns. Rep. 465, *Stow* v. *Tift*, opinion of Thompson, Chief Judge ; 2 Gwillim's Bacon, 371, note.

We are not aware of any authority barring a widow of dower, because the husband was seized only for an instant, where he parted with a less estate than the fee which he received.

In the case of *Nash* v. *Preston*, Cro. Car. 190, the redemise was for life, instead of for years, as stated by Parsons, in 4 Mass. Rep. 569 ; and although the case is not very fully reported, there is nothing in it to show that the redemise was not on the same day, and there the widow was held entitled to dower.

Nor is this a case of instantaneous seizin ; because Moore, junior, took an estate in fee, and rendered back only a conditional estate for life, to commence on the non-performance of the conditions by him.

The husband took a present fee with a right of possession ; and if the whole transaction be taken together, no present estate was left in the father, but he reserved the possibility of gaining a freehold on the happening of a contingency.

There would seem to be no doubt that Moore, junior, was seized of such an estate as that his wife had right of dower until entry by the father, and in case her husband had died before such entry. 2 Bacon's Ab. 367, Dower, B. 4 ; 4 Conn. Rep. 181, *Whiting* v. *Whiting*.

If, then, the entry was only for a limited time, when the purpose, for which that entry was made, has been perfected, and the estate returns again to the husband, his heirs or assigns, why is not the wife remitted to her former right ? Com. Dig. Dower, A, 4.

The rule that conveyances, made on the same day, are to be considered as parts of the same transaction, has been adopted for the purposes of justice ; but it

would defeat such purposes to say that this freehold estate should bar the dower of the demandant, when her claim in no way comes in conflict with that estate.

The tenant is, in fact, estopped to deny the seizin of the husband, as he claims title under the husband to the fee. 2 Greenl. 227, *Kimball* v. *Kimball*; 1 Caine's Rep. 183, *Bancroft* v. *White*, and author cited 190, note, b.; 7 Johns. 278, *Collins* v. *Torrey*; 9 ditto, 344, *Hitchcock* v. *Carpenter.*

But farther. The reconveyance, in this case, was by way of mortgage, and the demandant is entitled to dower against all persons, but the mortgagee, and those claiming under him. 15 Mass. Rep. 278, *Snow* v. *Stevens*; 6 Pick. 416, *Walker* v. *Griswold*; 17 Mass. Rep. 564, *Barker* v. *Parker*; 10 ditto, 365, *Bird* v. *Gardner*; 13 ditto, 525, *Hildreth* v. *Jones*; ditto, 227, *Bolton* v. *Ballard*; 6 Johns. 290, *Hitchcock* v. *Harrington*; 7 ditto, 278, *Collins* v. *Torrey*; 15 ditto, 319, *Coles* v. *Coles*; 1 Cowen, 478, *Coates* v. *Cheever*; 5 Johns. Ch. Rep. 482, *Swaine* v. *Penne*; 1 Conn. Rep. 559, *Fish* v. *Fish*; Stearns on Real Actions, 281.

There can be no objection, that the reconveyance in this case is not a mortgage, because it is of a freehold estate only.

Littleton, section 333, says, "Also a man may make a feoffment in fee and in mortgage, so a man may make a gift in tayle in mortgage, and a lease for term of life, or for term of years, in mortgage, and all such tenants are called tenants in mortgage, according to the estates which they have in the land."

Leasehold estates may be the subject of mortgage. 2 Johns. Rep. 510; 4 ditto, 186.

The general description of a mortgage in the books is, that it is a conveyance of lands as a *security* for the payment of money. Coventry's Powell, 4, a, note B.

Same definition, almost in same words, 2 Cruise, 86.

"It was obvious, that lands mortgaged were only to become *security* for the payment," &c. 2 Cruise, 84.

" The lands were originally conveyed as a *security* for the money lent." Ditto, 86.

A mortgage is but a pledge or *security* for money in its nature. Com. Dig. Chancery, 4, A. 1.

A conveyance of property, absolute in its terms, if intended by the parties to be a security for a debt, is a mortgage. 2 Cowen, 324, *Clark* v. *Henry*.

" The enquiry, in every case, in order to ascertain whether the transaction amounts to a mortgage or not, must be, whether the contract in the specific case is a *security* for the repayment of money. If it be, a court of chancery will treat it as a mortgage, and allow a redemption." Powell, Rand's Ed. 5, note.

It does not depend much on the form of the conveyance. Ibid.

The rule that a conveyance for security is a mortgage, is a rule of law as well as of chancery. The only difference is, that at law, the evidence that it was intended as security, cannot appear by parol, or by a defeasance not executed at the same time.

" When land is put in pledge upon condition for the payment of money, it is a mortgage." 4 N. H. Rep. 135, *Porter* v. *Nelson*.

The definition of a mortgage that it is a security for the payment of *money*, is too limited, according to the law of this state and of Massachusetts, at least.

Here, every conveyance of real estate to secure the payment of a debt, or the performance of a duty or obligation, if the intention, that it is to be such security, is manifested by the instrument of conveyance, or by a defeasance of as high a nature, executed at the same time, is a mortgage.

The statute of 1829, N. H. laws, 488, provides that all conveyances which shall hereafter be made of any lands, in this state, for the purpose of securing the payment of money, or the performance of any other thing, in the condition of such conveyance stated, shall be deemed and taken to be mortgages, &c.

The statute of 1829, enacted no new rule in this respect. It made no new mortgages.

Its terms are more specific, but the statute of 1791 provides that all real estate, conveyed or pledged by mortgage or deed of bargain and sale with defeasance, may be redeemed on payment of all sums of money, or on performance of the condition on which such real estate was mortgaged or conveyed, or in case an action has been brought, and final judgment rendered, then, on payment of the damages and costs, or in case such action may be pending, then, on payment of costs in addition to the payment and performance of the condition, provided such payment or performance be made within a year, &c.

And in all cases where payment shall be made or tendered as aforesaid, or the condition on which any real estate was conveyed shall be performed, then the mortgage to be void.

In 1 N. H. Rep. 41, *Lund* v. *Lund*, it is said, " At common law a mortgage is defined to be a deed conditioned to be void upon the payment of a sum of money, or the doing of some other act."

To show that conveyances here to secure the performance of an obligation or duty are mortgages, as well as those for the payment of money, we refer also to 2 N. H. Rep. 453, *Hartshorn* v. *Hubbard* ; 4 ditto, 136, *Porter* v. *Nelson* ; 15 Mass. Rep. 262, *Wilder* v. *Whittemore* ; 16 ditto, 39, *Colman* v. *Packard.*

The next inquiry is, whether this was intended as security for the performance of the condition of the bond.

The intention of the parties is to be collected from the deed, and that is to govern, and the intention here, it is very manifest, must have been to secure the performance of the bond.

The most usual language in mortgages is substantially, that, if the condition is performed, the conveyance shall be void ; but the particular words in which the condition is expressed are unimportant.

It does not depend much on the form of words or con-

veyance. Powell, 5, note ; ditto, 8—9, note, H. ; 9, a. and note 1.

Artificial words do not alter the nature of it. Com. Dig. Chancery, 4, A, 2.

An assignment of a lease and a bond to transfer the lease and premises back, is a mortgage. 4 Johns. 186, *Jackson* v. *Green.*

Bond to reconvey constitutes the transaction a mortgage. 2 Mass. Rep. 497, *Erskine* v. *Townsend* ; 15 Johns. 205, *Peterson* v. *Clark.*

*Mortuum vadium* is described by Littleton, S. 332.

" If a feoffment be made upon such condition, that if the feoffor pays to the feoffee £40 of money, then the feoffor may reenter, &c. ; the feoffee is called tenant in mortgage.

As to the question of mortgage or not, what difference exists between a condition, that on performance, grantor may reenter, and one that on non-performance, grantee may enter ?

As respects the clause of reentry, the case *Carey* v. *Rawson,* 8 Mass. Rep. 159, is very analogous. An agreement was made in writing, that in consideration of $2000, the defendant should execute deed to the plaintiff, that the deed should be deposited with J. Q. A. until a certain time, and if the money was not paid at that time, the deed should be delivered to the plaintiff, who might thereupon enter on the land and from thence take the profits to his own use.

The deed was executed accordingly, and delivered, and was held a mortgage.

The case is in principle and effect like the case at bar.

That was intended to secure money—this, an obligation for maintenance.

Had this condition been to secure the payment of $500 on bond, but in like terms as to entry, could there be a doubt ? It is equally a mortgage now, being to secure performance of an obligation for other acts.

Jackson, J. says, 11 Mass. Rep. 474, " The mortgage then may be considered as conveying to the mortgagee the rents and profits of the land, to be received, if there be no agreement to the contrary, towards the discharge of his debts, whether the condition is broken, or not, and also a transferring to him a right of entry for the condition broken."

That is precisely what this instrument conveys. There being an agreement to the contrary, the lessee was not to receive the rents and profits, until condition broken, but it transfers to him a right of entry, when the lessor shall fail to fulfil the bond.

The effect of this proviso is precisely the same, as if it had been, " Provided, if the lessor perform the condition of the bond, then this lease shall be void, otherwise, of force, but the lessee shall not enter, except for condition broken." This last clause is usual. 2 Cruise, 106, and according to 16 Mass. Rep. 39, and 3 Mass. Rep. 152, was necessary. According to *Hartshorn* v. *Hubbard*, 2 N. H. Rep. 453, and 5 Greenl. 92, it was not. It was put in to prevent the mortgagee from turning the mortgagor out.

If Josiah Moore, junior, shall fulfil the condition of the bond, then Josiah Moore shall not take possession under this lease—that is, the lease shall be void.

If the conditions of the bond are not fulfilled then he may enter and take possession—that is, the lease shall be in force.

If the language had been, that on performance of the condition, the lease should be void, it would not, in fact, be void by performance, until the expiration of the life of Moore, senior, and it is void, and terminates by performance, during his life, as it is now written.

Suppose there had been an after agreement by which the bond was cancelled, and the contract to support the lessee ended, would not this have as effectually put an end to the lease, as the payment of the mortgage money

does in any case of mortgage ? Can there be a doubt of this ? And if not, what was it but *security* ? Moore, senior, could never have had any possession under it after this bond was cancelled—he would have taken nothing after. It is not possible that he could have had satisfaction of the bond and been permitted to hold the land also.

Where there was a conveyance and a bond to reconvey on payment of a sum of money, and this bond was afterwards cancelled, and a new bond given to a third person, this was held to be a satisfaction of the mortgage. 4 Pick. 350, note, *Rice* v. *Bird*.

Payment or tender of mortgage debt discharges the land. 18 Johns. 7 ; ditto, 110 ; 5 N. H. Rep. 256, *Willard* v. *Harvey*.

We deem this perfectly conclusive, but we have superadded most plenary evidence, that this is a mortgage.

The whole argument of the tenant's counsel goes upon the ground that it is a mortgage. He not only admits in express terms that it is a mortgage, but he argues that " according to the rule applicable to mortgages, the condition, as respects the mortgagor, is a condition precedent, the estate immediately vests in the mortgagee or lesee, and it revests only when the condition upon which it depends is performed."

It is, perhaps, not important, but this is not precisely the view which the court take of the nature of such conditions, in 11 Mass. Rep. 475, *Goodwin* v. *Richards*.

But if this were to be considered as an estate on condition, and not a mortgage, the condition must either be a condition precedent, in which case the whole instrument being taken together, the estate would not vest in Moore, senior, until non-performance of the conditions of the bond. 2 Cruise, Estate on condition, ch. I, sect. 6 ; and so there would be no pretence of an instantaneous seizin, or else the condition would be repugnant to the grant, and so void. 2 Cruise, 7, sects. 21, 22 ; making the estate absolute, immediately ; which would be alto-

gether repugnant to the intention of the parties. As a proviso relating to the possession merely, it would possess the latter character. 2 Cruise, 7, sec. 22.

It is only by considering the transaction a mortgage, as the parties in this case and the counsel on both sides have considered it, that the intention of the parties to the instrument could be carried into effect, and justice done to all; and as a mortgage, it is of no consequence in this case, whether the condition be regarded as precedent or subsequent; the widow is dowable as against all except the mortgagee, and those claiming under him, and here the mortgagee's title is not, and cannot, be set up against her, it being ended.

Richardson, C. J. delivered the opinion of the court.

It is contended, in this case, that the demandant is not to be defeated, on the ground that the husband had only an instantaneous seizin, because he took a fee, and parted only with a freehold. It is said the rule that a widow is not to be endowed of an instantaneous seizin, does not apply in such a case. But we see no ground on which this distinction can be maintained. A widow is not entitled to dower in the cases, where the rule applies, because her husband was never beneficially seized of any present estate of inheritance during the coverture. And whether he reconveys, in these cases, a freehold or a fee, it leaves him no seizin, on which a claim of dower can be founded. It was so decided in *Fisk* v. *Eastman*, 5 N. H. Rep. 240; and the law on this subject must now be considered as settled. 15 Johns. 458, *Stow* v. *Tifft*.

It is also insisted, in this case, that the tenant, who derives his title from the husband, is estopped to deny the seizin of the husband, and several cases, decided in New-York, are cited. We have examined the cases decided in that state, attentively. The earliest case is that of *Bancroft* v. *White*, 1 Caine's Rep. 185, where it was decided, that a husband, having been in possession of

land, and having conveyed the same with warranty and in fee, this was *prima facie* evidence of a seizin in the husband, against those who claimed under him, so as to entitle his widow to dower. This principle, which is recognised in *Embree* v. *Ellis*, 2 Johns. 119, seems to be indisputable. In *Hitchcock* v. *Harrington*, 6 Johns. 290, where land was conveyed to the husband, and he at the same time reconveyed it in mortgage, it was held that a person, claiming under the heirs of the husband, could not set up the mortgage to defeat the wife's dower, although the mortgage was never discharged by the husband. But this is only a recognition of the established rule, that a mortgagor is to be considered as seized, with respect to all the world except the mortgagee. The case of *Collins* v. *Torry*, 7 Johns. 278, contains a recognition of the same rule.

In *Hitchcock* v. *Carpenter*, 9 Johns. 344, it was held, according to the report of the case, in an action of dower, that, as the tenant claimed under the heirs of the husband, who had been in possession, he was estopped to deny the seizin of the husband. These circumstances afforded strong *prima facie* evidence of a seizin, but certainly did not amount to an estoppel. For, can it be doubted, that if, in such a case, it could be shown that the husband, although in possession, never had any estate in the land, except a remainder or a reversion after an estate for life, that this might be shown to defeat the claim of dower? We think not. The cause was correctly decided, but the court used the word estoppel in a new sense, or the case is not accurately reported.

Possession by a husband claiming to be owner, is *prima facie* evidence to entitle his widow to dower. 7 Cowen, 353, and 5 ditto, 299, *Jackson* v. *Waltermire*.

And it is possible, that there may be cases, in which a tenant, in a writ of dower, who claims under the husband, cannot be permitted to set up the title of a stranger to disprove the seizin of the husband. 6 Johns. 293.

But there is no pretence that there is any thing in the circumstances of this case, which can preclude the tenant from showing that the husband was never so seized as to entitle this demandant to dower.

It is further contended on behalf of the demandant, that the reconveyance was a mere mortgage, and that therefore the mortgagor was to be considered as seized, with respect to all the world except the mortgagee, and that he was so seized as to entitle the demandant to dower. We do not doubt that if the reconveyance can be considered as a mortgage, the demandant is entitled to dower in the land. The question then arises, was the reconveyance a mortgage? We do not doubt that there may be a mortgage for the security of things other than the payment of money, or that this reconveyance was intended as a security. But it does not follow, from the circumstance, that it was intended as a security, that it can be considered as a mortgage in this state. In the case of *Lund* v. *Lund*, 1 N. H. Rep. 39, the conveyance was intended as a security, and yet it was held not to be a mortgage.

So in *Bickford* v. *Daniels*, 2 N. H. Rep. 71, the conveyance was intended as a security, but it was held not to be a mortgage.

There was a similar decision in *Runlet* v. *Otis*, 2 N. H. Rep. 167.

To constitute a mortgage, the land must be put in pledge on condition. It is not enough that it is intended as a security, the conveyance must be on condition.

In this case, the deed of the husband, in terms, conveys the land to Josiah Moore, senior, for life, with a reservation of the possession until the condition of the bond be broken. But this reservation does not make the conveyance a conveyance upon condition so as to constitute a mortgage, For, admitting that it is not a mere agreement as to the possession of the land, but that it may be considered as a reservation to the grantor of an

<div style="margin-left: margin">Moore<br>
*v.*<br>
Esty.</div>

estate in the land, *ad tempus indeterminatum absque aliqua certa temporis præfinitione*, which is a freehold. Bracton, 207 ; Com. Dig. " Estates," E, 1 ; Co. Litt. 42, a ; 2 Bl. Com. 121 ; and admitting that the reservation, thus construed, is not void as being repugnant to the grant ; yet still the legal effect of the two deeds would be to give the land to Josiah, junior, so long as he performed the condition of the bond, remainder to Josiah senior, for life, remainder to Josiah junior, in fee. And this remainder to Josiah, senior, for life would be a vested estate. Ferne's Remainders, 330. There would, in that case, be no condition that could make the conveyance a mortgage, nor would the demandant be entitled to dower. For it is settled that where a husband has an estate for life, and a remainder in fee, and there is an intervening vested estate in some other person, the husband has not such an estate as can entitle his wife to dower. 3 Levintz, 437, *Duncomb* v. *Duncomb* ; Ferne's Remainders, 509.