## MESERVE *v.* MESERVE.

A parol assignment of dower by the residuary devisee, is conclusive of the right of dower as against him and his privies.

The words " subject to the widow M. M.'s dower which has been set off," contained in a deed, are sufficient to except out of the grant the land so set off, during the life of the dowager.

TRESPASS, *quare clausum*, for breaking and entering the plaintiff's close, situated in Dover, in this county, containing fourteen acres, and cutting and carrying away a quantity of pine wood. The writ was dated January 1st, 1847. There was a second count in the writ, for taking and carrying away a quantity of pine wood.

The plea was the general issue, with a brief statement, alleging that the *locus in quo* had been assigned to the defendant, as her dower, in lands belonging to her late husband, Ebenezer Meserve.

It appeared on the trial, that Ebenezer Meserve died in 1842, having made his will, and appointed Henry Meserve sole executor and residuary legatee. That his estate was insolvent, and settled as such. That said fourteen acres were sold, by virtue of a license from the judge of probate to sell the real estate of the deceased, and a deed given of the same, by the executor, to the plaintiff, " subject to the widow Mary Meserve's dower, which has been set off."

It appeared that the cutting complained of, and which was proved, was upon that portion of the fourteen acres claimed by the defendant as having been set off to her as her dower.

To show that it had been set off, the defendant introduced a copy of a warrant and return, from the probate office. The return was excepted to, as not having been signed by all the committee, and as not showing that all were present at the time the business was transacted. It was also excepted to, as not having been accepted by the judge of probate till after this suit was brought.

Meserve v. Meserve.

It was also proved by the defendant that, at the time the committee went on and made the set-off, the executor was present, and did not object, but assisted in establishing the monuments and lines. And that the set-off was made by all of the committee, in the manner and at the time set forth in the return to the warrant. That soon after the set-off was made, the defendant took possession of the same, with the knowledge and without objection from the executor, and cut wood thereon.

It was contended that the character of this land was such that the defendant was not entitled to dower therein, and that the committee had no right to set it off.

It appeared that the said Ebenezer Meserve lived on a farm in which he had a life estate; that his title to these fourteen acres was in fee simple; that they were mostly covered with small pines, but there were from one to two acres of open places upon it, mostly of a low, swampy nature; that it lay in common with the pasture of the farm on which the said Ebenezer lived; that the cattle run in it, when they chose, and could and did feed, at times, on said open places; that the said Ebenezer cut wood from this lot, occasionally, and drew it to his door, and used the same for fuel, and that he had cut logs upon it.

A verdict was taken, by consent, for the plaintiff, on which judgment is to be entered, or the verdict is to be set aside, and judgment entered for the defendant, or a new trial granted, as the opinion of the court shall be upon the whole case.

*Stickney*, for the plaintiff, contended that the clause in the deed referring to the defendant's dower, had no other design or effect than to give notice that a claim of dower existed, and did not except from the conveyance the land so claimed by the defendant. That the actual possession of the plaintiff not being necessary to enable her to bring trespass, she need only show her right of property in the land

in question, and cited *Winkley* v. *Hill*, 6 N. H. Rep. 391; *Concord* v. *M'Intyre*, 6 N. H. Rep. 527; *Sinclair* v. *Tarbox*, 2 N. H. Rep. 135; 3 M'Cord 432.

*Christie*, for the defendant.

WOODS, J. It may not be necessary, in this case, to determine whether the defendant was dowable or not of the land in controversy. If the question had fairly arisen between the parties having a right to litigate it; for example, had the defendant here preferred her claim of dower, and the heirs, residuary legatee, or others having an interest adverse to her claim, resisted it, she must, in order to sustain it, have shown the land to have answered the description given in the statute, of lands subject to dower. That the land was in a state of cultivation, or used and kept as a wood or timber lot, and occupied in connection with some farm or tenement owned by the husband during the coverture. Rev. Stat., ch. 165, § 4; N. H. Laws, ed. 1830, 540; *Johnson* v. *Perley*, 2 N. H. Rep. 56; *White* v. *Wills*, 7 Pick. 143. And it may be considered at least as quite doubtful whether the premises could properly be comprehended in either of those descriptive clauses of the statute. The deceased husband did, in his lifetime, take wood and timber from the land, but did not use it as a wood or timber lot, in connection with any farm or tenement owned by him, if by the word " owned" in the statute is meant that kind of estate which carries dower. Nor was any attempt apparently made during his seizin to cultivate or reclaim any part of it, or to use it as cultivated land is used. The occasional feeding of the cattle upon it, under the circumstances, hardly amounted to cultivation, in the most extended and liberal sense of which the word is susceptible.

But the question does not, in the view we take of the case, properly arise. Dower has in fact been assigned to the defendant by a party equally competent to assign it, the

residuary legatee, namely, of the deceased husband. Such assignment, as against him and all claiming under him, has justly been held to be a foreclosure of all doubt as to the right of the widow to claim her dower. 23 Pick. 88.

His acquiescence and assistance in the acts of the committee appointed by the court of probate, to assign and set off the dower, render it likewise unnecessary to decide upon the exceptions taken to the proceedings of this committee, and to the omissions of formalities in the probate court. For, at least, they are tantamount to a parol assignment of dower, which is, as regards the parties to the transaction and their privies, sufficient to all intents and purposes. *Pinkham* v. *Gear*, 3 N. H. Rep. 163. The defendant took possession under this assignment, and is entitled to possession, against all persons, so far as the facts in this case show, unless the creditors of the husband, or rather those claiming under an administration sale made for their benefit, might call in question the right to dower and the validity of the assignment.

No such claim is here presented. The title of the plaintiff is under the administration sale, but the deed clearly contains an exception and reservation of the dower previously set off to the defendant. The words of reservation are, " subject to the widow Mary Meserve's dower, which has been set off," and are as full and effectual as words well can be, to except from the conveyance the life estate of the defendant in that portion of the land which had been set off to her in dower. The plaintiff, on taking the conveyance, found the defendant in possession, having a right of possession, at least until disturbed by some one coming in under the creditors; her deed does not purport to give her a present right of possession of the *locus in quo*. Her action, therefore, being founded in possession, must fail. The verdict must, of course, be set aside, and

*Judgment for the defendant.*